UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 10, 2013

LETTER TO COUNSEL:

      RE:   *Thaddius Daryl Bradford v. Commissioner, Social Security Administration*;
              Civil No. SAG-12-3017

Dear Counsel:

On October 11, 2012, the Plaintiff, Thaddius Bradford, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 15). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Bradford filed his claims for benefits on January 29, 2010, alleging disability beginning on October 16, 2009. (Tr. 107-18). His claims were denied initially on May 12, 2010, and on reconsideration on September 22, 2010. (Tr. 77-82, 86-89). A hearing was held on April 27, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 32-65). Following the hearing, on May 4, 2011, the ALJ determined that Mr. Bradford was not disabled during the relevant time frame. (Tr. 14-31). The Appeals Council denied Mr. Bradford's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Bradford suffered from the severe impairments of seizure disorder, borderline intellectual functioning, and bipolar disorder. (Tr. 19). Despite these impairments, the ALJ determined that Mr. Bradford retained the residual functional capacity ("RFC") to:

> [P]erform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the following limitations: frequently climb ramps or stairs (but never ladders, ropes or scaffolds), balance, stoop, kneel, crouch and crawl; must avoid even moderate exposure to hazards such as machinery and heights; unskilled work with routine and repetitive tasks; occasional interaction with the public and coworkers.

(Tr. 21-22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Bradford could perform jobs that exist in significant numbers in the national economy,

and that he was therefore not disabled during the relevant time frame. (Tr. 25-26).

Mr. Bradford presents two arguments on appeal: (1) that the ALJ did not sufficiently evaluate the opinion of the consultative examiner, Dr. Collins; and (2) that the Appeals Council failed to evaluate post-hearing evidence from treating physician Dr. Booth as new and material evidence. Both arguments lack merit.

With respect to Dr. Collins's opinion, the ALJ expressly considered the report. (Tr. 24). The ALJ reviewed the results of Dr. Collins's testing, the diagnoses he reached, and his GAF score analysis. *Id.* The ALJ also reviewed Dr. Collins's conclusions regarding Mr. Bradford's lack of motivation to work. *Id.* Although the ALJ did not mention the specific excerpts from Dr. Collins's report that were cited by Mr. Bradford, the ALJ's analysis is fully consistent with Dr. Collins's ultimate conclusion. Dr. Collins noted, "At some future date when he is motivated to become employed again, work may have to be within minimal level jobs similar to what he has performed in the past: fast food restaurants, cleaner, and retail sales." (Tr. 456). This analysis comports with the ALJ's conclusion that Mr. Bradford retains the RFC for his past relevant work, which is also supported by the analysis of the state agency medical consultants. (Tr. 24, 329-49).

Mr. Bradford's second issue is that the Appeals Council did not consider the opinions expressed by Dr. Mary Ann Booth, M.D., a treating psychiatrist. The law is clear that the Appeals Council was not required to provide an explanation of its view of the opinions expressed by Dr. Booth. *See Meyer v. Astrue,* 662 F.3d 700, 705 (4th Cir. 2011) (noting that no regulations require the AC to explain its rational for denying review). Further, the evidence of record shows only a single consultation between Dr. Booth and Mr. Bradford, (Tr. 474), which suggests that Dr. Booth's opinion would not be "material" in the sense that it might change the outcome. Finally, Dr. Booth's opinion suggests that Mr. Bradford retains a "fair" ability to perform most work-related functions implicated by the ALJ's RFC, particularly because the RFC limits Mr. Bradford to routine, repetitive work with limited interaction with others. (Tr. 514-16). The burden of proving that evidence is both new and material rests with the claimant. *See Taylor v.. Astrue,* No. 5:09CV7–RLV, 2012 WL 909506, at *4 (W.D.N.C. Mar. 16, 2012) (citing *Allen v. Comm'r of Soc. Sec.,* 561 F.3d 646, 653 (6th Cir. 2009)) (finding plaintiff did not satisfy her burden of demonstrating that new evidence was relevant to period on or before ALJ hearing decision); *Fagg v. Chater,* 106 F.3d 390, 1997 WL 39146, at *2 (4th Cir. 1997) (outlining the three prerequisites a plaintiff must satisfy to merit remand on the basis of newly discovered evidence). Mr. Bradford has failed to meet that burden. Under these circumstances, the Appeals Council committed no reversible error.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 15) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge